UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Vicky A. Dietz and
Terry B. Dietz, individuals,

Civil No. 10-3752 (DWF/TNL)

          Plaintiffs,

v.

**MEMORANDUM OPINION**

Beneficial Loan and Thrift Co., a
Minnesota corporation, and John
and Jane Does 1-10,

          Defendants.

_____

Michael J. Keogh, Esq., Keogh Law Office, counsel for Plaintiffs.

Chad A. Snyder, Esq., and Michael H. Frasier, Esq., Snyder Gislason Frasier LLC, counsel for Beneficial Loan and Thrift Co.

_____

      This matter came before the Court on a Motion to Dismiss brought by Defendant Beneficial Loan and Thrift Co. ("Defendant") (Doc. No. 22).  By Order dated November 11, 2011 (Doc. No. 32), the Court granted Defendant's motion and dismissed Plaintiffs' Third Amended Complaint (Doc. No. 21) with prejudice.  The following Memorandum Opinion explains the reasons for the Court's decision.

## BACKGROUND

The facts of this case were previously set forth in the Court's Memorandum Opinion and Order dated June 10, 2011. (Doc. No. 20.) In that Order, the Court granted Defendant's motion to dismiss and dismissed Plaintiffs' Second Amended Complaint with prejudice. (Doc. No. 20 at 12.) However, as to Plaintiffs' Truth in Lending Act ("TILA") claims, the Court allowed Plaintiffs time to amend so as to adequately allege a rescission claim. The Court briefly restates and updates the relevant facts below.

On December 15, 2006, Plaintiffs entered into a loan agreement with Defendant in the principal amount of $292,450. (Third Am. Compl. (Doc. No. 21) ¶ 14.) The loan was a refinance of an existing home loan, with additional funds to pay off multiple consumer debts. (*Id*. ¶¶ 15, 17-18.) In November 2008, Plaintiffs stopped making payments on the loan. (*Id*. ¶ 33, Ex. 5.) On November 23, 2009, Plaintiffs sent Defendant a document entitled "Actual Notice to Rescind; Notice Pursuant to RESPA (QWR); & Request for Accounting." (*Id*. ¶ 31, Ex. 4.) In the November 23, 2009 notice, Plaintiffs indicated that they "did not receive the correct Truth in [L]ending Disclosure Statements," that Defendant's "failure to provide effective notice of these mandatory disclosures effectively extends our rescission rights under 15 U.S.C. § 1635(f)," and that Plaintiffs "hereby give effective notice to rescind." (*Id*. ¶ 31, Ex. 4 at 1.)

On December 8, 2009, Defendant responded to Plaintiffs' November 23, 2009 notice. The response reads, in relevant part:

> After a thorough review of your inquiry, we are unable to determine any specific error that you believe has occurred in the servicing of the referenced account, nor any specific corrective action you are seeking. If

2

> you have any items of concern, please specifically identify your concerns so that we may evaluate them accordingly.
>
> Because your inquiry contained several information requests, we have enclosed the following documents that are relevant and pertinent to the servicing of the referenced account for your review:
>
> - Loan Agreement (Including Truth-In-Lending Disclosure)
> - Recorded Mortgage
> - Optional Credit Insurance Disclosure
> - Servicing Transfer Disclosure Statement
> - Loan Summary
> - Arbitration Rider
> - Notice of Negative Credit Reporting Disclosure
> - Notice of Right to Cancel
> - Good Faith Estimates
> - HUD-1A Settlement Statement
> - Payment History
>
> In reference to your request to initiate a rescission of the above referenced account; after a thorough review of your correspondence, we are unable to identify and/or validate the specific error(s) regarding the above referenced account that would allow for the transaction to be rescinded. Please be advised that although your Beneficial loan is a joint account, we were only required to provide you with one copy of the Truth-In-Lending Disclosure at the signing of your loan. If you believe any other item(s) are violations of the Truth-In-Lending Act, please identify them so that we may evaluate them accordingly.

(*Id.* ¶ 33, Ex. 5.)

On December 16, 2009, Plaintiffs were served with a Notice of Mortgage Foreclosure Sale. (*Id.* ¶ 35, Ex. 6.) The foreclosure sale was held on July 15, 2010. (*Id.*)

On or around August 25, 2010, Plaintiffs commenced this action. Plaintiffs have amended their complaint twice. In their Second Amended Complaint, Plaintiffs alleged four causes of action against Defendants: (1) Failure to Rescind Under TILA and Reg. Z; (2) violations of TILA and Reg. Z; (3) violation of the Real Estate Settlement Procedures

3

Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and a recoupment claim; and (4) a claim under the Minnesota Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43, *et seq.* ("MDTPA"). Defendant moved to dismiss Plaintiffs' Second Amended Complaint. (Doc. No. 4.) In a Memorandum Opinion and Order dated June 20, 2011, the Court granted Defendant's motion and dismissed all of Plaintiffs' claims. (Doc. No. 20 at 12-13.) With respect to Plaintiffs' claim for rescission under TILA, the Court explained that "[b]ecause Plaintiffs have failed to plead the ability to tender, their rescission claim is dismissed with prejudice." (Doc. No. 20 at 7.) However, the Court stayed the dismissal of Plaintiffs' rescission claim under TILA so as to allow Plaintiffs the opportunity to adequately allege a claim for rescission. Plaintiffs filed a Third Amended Complaint, again alleging claims for rescission under TILA. Defendant again moved to dismiss Plaintiffs' claims.

## DISCUSSION

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits

attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

In their Second Amended Complaint, Plaintiffs alleged that Defendants "forfeited their right to receive any tender amount." (Doc. No. 3 ¶ 43.) In the June 10, 2011 Order, the Court rejected this assertion and explained that rescission under TILA is conditioned on repayment of the amounts advanced by the lender, and that rescission claims are appropriately dismissed at the pleading stage based on the plaintiff's failure to allege an ability to tender loan proceeds. (Doc. No. 20 at 6-7.)

In their Third Amended Complaint, Plaintiffs allege that "no tender obligation has arisen" and ask the Court to declare that "no tender obligation arose when Defendants

5

failed to take measures to perfect recission [sic]." (Doc. No. 21 ¶ 57; Doc. No. 21, Prayer for Relief ¶ VI.)[1] Plaintiffs previously argued that they had no obligation to tender. The Court rejected this argument. Thus, Plaintiffs' present assertion that no tender obligation arose is simply a disguised motion for reconsideration of the Court's June 10, 2011 Order.

Pursuant to Rule 7.1(h), a request for leave to file a motion to reconsider will only be granted upon a showing of "compelling circumstances." A motion to reconsider should not be employed to relitigate old issues, but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & deli v. U.S. Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993). The Court already considered, and rejected, Plaintiffs' argument that they did not have to allege an ability to tender. Plaintiffs have not made a showing of "compelling circumstances" so as to justify reconsideration of the Court's June 10, 2011 Order. Moreover, Plaintiffs have failed to amend their TILA claims so as to adequately allege a claim for rescission. Accordingly, Plaintiffs' rescission claims are properly dismissed.

Even if Plaintiffs had adequately alleged an ability to tender, Plaintiffs' TILA claims would fail because they are untimely. TILA imposes a three-year statute of repose on claims for rescission. *See* 15 U.S.C. § 1635(f). Here, Plaintiffs closed on the loan on

---

[1] Plaintiffs also added the allegation that they "hereby offer to tender the Property and/or appropriate amount due after Defendants return all moneys paid and cancel the security interest." (Doc. No. 21 ¶ 37.) This allegation is insufficient to satisfy the requirement that Plaintiffs allege an ability to tender the loan proceeds.

December 15, 2006. Thus, the three-year period expired on December 15, 2009. Plaintiffs argue that because they sent Defendant a notice of rescission on November 23, 2009, their rescission claim is timely. Defendant argues that Plaintiffs' suit is barred because Plaintiffs did not file suit until August 2010, more than seven months after the three-year period expired.

Other courts in this district have recently considered the issue of whether a claim for rescission survives the three-year period if a borrower sends a rescission request within the three-year period, but fails to file suit until after the three-year period expires. *See Geraghty v. BAC Home Loans Servicing LP*, Civ. No. 11-336, 2011 WL 3920248, at *3 (D. Minn. Sept. 7, 2011); *Sobieniak v. BAC Home Loans Servicing, LP*, Civ. No. 11-110, 2011 WL 6122318, at *4-5 (D. Minn. Dec. 8, 2011). In both of those cases, the court concluded that a plaintiff's suit for rescission is barred by section 1635(f) if the suit is not filed within the three-year period. *See Geraghty*, Civ. No. 11-336, 2011 WL 3920248, at *3 (noting a circuit split and no Eighth Circuit authority on the issue; siding with the majority and holding that a legal claim for rescission under section 1635 must be filed within the three-year statute of repose); *Sobieniak*, Civ. No. 11-110, 2011 WL 6122318, at *4-5 (noting that "[t]he majority of courts to address this question hold that such a suit is barred by § 1635(f)" and holding that the plaintiffs' claim was barred because they did not file suit until after the three-year period passed).

The Court agrees with the decisions of both the *Geraghty* and *Sobieniak* courts insofar as they hold that a suit for rescission filed more than three years after consummation of an eligible transaction is barred by TILA's statute of repose. Here,

7

there is no dispute that Plaintiffs failed to file suit within the three-year period. Thus, the claim is time-barred.

Moreover, Plaintiffs now base their demand for rescission on an alleged error in the TILA disclosure statement that is greater than $35, arguing that the error violated section 1635(i)(2). Section 1635(i)(2) sets a $35 tolerance for the disclosure of the finance charge or disclosures affected by a finance charge. *See* 15 U.S.C. § 1635(i)(2). Section 1635(i)(2), however, only applies to a party's exercise of "rescission rights *after the initiation of . . . [the] foreclosure process*." (*Id.* (emphasis added).) Here, Plaintiffs claim that they demanded rescission on November 23, 2009. (Doc. No. 21 ¶ 31.) However, Defendant did not initiate foreclosure proceedings until December 16, 2009. (*Id.* ¶ 35.) Because foreclosure had not been initiated at the time that Plaintiffs sent their demand, section 1635(i)(2) did not apply. Accordingly, Plaintiffs never had a valid right to rescind under section 1635(i)(2).

For all of the above reasons, Plaintiffs' claims fail and Plaintiffs' Third Amended Complaint (Doc. No. 21) is properly dismissed with prejudice.

Dated: December 22, 2011       s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge